UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN P. SHIPLEY,

    PLAINTIFF,

V.                                    CASE NO.: 6:18-cv-00910-PGB-GJK

GENCOR INDUSTRIES, INC.,

    DEFENDANT.

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

1. This is an action on behalf of the Plaintiffs, John P. Shipley (hereinafter "Mr. Shipley") and Jermaine J. Guilliame (Hereinafter "Mr. Guilliame"), to secure protection of and redress deprivation of rights secured by 42 U.S.C. § 2000 et seq. providing for injunctive, compensatory, punitive and other relief against race discrimination and retaliation.

2. On or about November 16, 2017, Mr. Shipley filed a formal charge alleging discrimination on the basis of his Race (African American) and retaliation against Gencor Industries Inc. with the Equal Employment Opportunity Commission (EEOC). (A true and accurate copy of her EEOC Charge of Discrimination is market as Exhibit "A")

3. Mr. Shipley received his Notice of Suit Rights from EEOC after March 26, 2018 and the instant Complaint is filed within the requisite time frame required under the law. (A true and accurate copy of the Notice of Suit Rights are attached as Exhibit "B")

4. On or about February 17, 2018, Mr. Guilliame filed a formal charge alleging discrimination on the basis of his Race (African American) and retaliation against Gencor Industries Inc. with the Equal

Employment Opportunity Commission (EEOC). (A true and accurate copy of him EEOC Charge of Discrimination is market as Exhibit "C")

5. Mr. Guilliame received his Notice of Suit Rights from EEOC after July 24, 2018 and the instant Complaint is filed within the requisite time frame required under the law. (A true and accurate copy of the Notice of Suit Rights are attached as Exhibit "D").

## PARTIES

4. At all material time herein through his filling of a formal charge with the EEOC, the Plaintiffs, John P. Shipley and Jermaine J. Guilliame, resided in Orange County, Florida.

5. Gencor Industries, Inc. (hereinafter "Gencor") is a foreign for profit corporation and serves numerous locations throughout the United States of America and internationally including conducting business in Orange County, Florida.

## JURIDICTION AND VENUE

6. The unlawful employment actions complained of herein took place in Orange County, Florida and venue is proper in the Middle District of Florida pursuant to 28 U.S. C. § 1391 (b).

7. At all relevant times, Gencor was an Employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. in that it employed 15 or more individuals in twenty (20) or more weeks in the current or preceding year and was in an "industry affecting commerce" as that term is defined and interpreted under Title VII.

## FACTUAL BACKGROUND

12. Mr. Shipley (African American) was signed a ninety (90) days temp-to-perm through his temp agency, NES to work on a full-time basis for Gencor as a painter on March 10, 2017.

13. Mr. Guilliame (African American) was made a full-time employee of Gencor on or before April 1, 2018.

14. Mr. Shipley and Mr. Guilliame were assigned to the painting department under the direct supervision

of Mr. Jeff Crandle.

15. Mr. Shipley, Mr. Guilliame and other African American employees were the subject to off-hand derogatory and references regarding their race from Mr. Crandle. This included references as "monkey" or "boy".

16. Mr. Crandle went into specificity about how Mr. Shipley resembled a monkey on a leash jumping around.

17. Mr. Crandle made disparaging comments about black history month.

18. On April 27, 2017, Mr. Shipley and Mr. Guilliame Guilliame were working when Mr. Crandle, in the KKK outfit below, screamed at them "Get your ass over here boy - I'm gonna fuck you up" while holding a burning cross.



19. Mr. Shipley and Mr. Guilliame were both scared and caught off guard by this behavior, but realized it was a joke after several other Caucasian employees started laughing.

20. Mr. Shipley and Mr. Guilliame reported the incident to Gencor and/or their temp agencies who

reported the incident to Gencor.

21. The Plaintiffs have retained attorney Frank M. Malatesta, Esq. with the Malatesta Law Office and agreed to compensate him at a reasonable hourly rate.

## COUNT ONE: RACE DISCRIMINATION HOSTILE WORK ENVIRONMENT
## (SHIPLEY & GUILLIAME V. GENCOR)

22. Plaintiffs incorporate as if realledged paragraphs 1 – 20.

23. Because Race was a motivating factor in the decision to construct to mistreat Mr. Shipley, Mr. Guilliame and other African American employees during the scope of their respective employment and to disparage, malign, harass, force him to transfer, and then fire him, the Defendants and its agents violated Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, both as amended, with knowing and/or reckless disregard of the Acts' proscriptions.

WHEREFORE, Plaintiffs, JOHN P. SHIPLEY & JERMAINE J. GUILLIAME, hereby demand and pray this Court to grant the following relief against GENCOR INDUSTRIES, INC.:

(a) A declaratory judgment providing that the Defendants violated the Title VII;

(b) An award of compensatory damages to Plaintiffs for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

(c) An award of punitive damages to Plaintiffs to compensate them for the mental and emotional distress occasioned by Defendant's misconduct;

(d) Reasonable attorneys' fees and court costs,

(e) A trial by jury on all issues so triable; and

(f) Such other and further relief as the Court deems just and proper.

## COUNT TWO: RETALIATION (SHIPLEY & GUILLIAME V. GENCOR INDUSTRIES, INC.)

24. Plaintiffs incorporate as if realledged paragraphs 1 – 20.

25. Gencor responded to the report of race discrimination and hostile work environment by removing at

least four (4) African American workers from the day shift and creating a new nightshift for African American and minority employees who complained about Mr. Crandle's conduct against African Americans.

26. Mr. Crandle remained responsible for the nightshift's management.

27. Mr. Crandle began a campaign of subjecting the African American and minority personnel on night shift to harassment including: (a) hid the night crew's lockers and deprived them of their personal equipment necessary to perform their jobs, (b) threatened drug testing, (c) threatened to call the sheriff without cause, (d) he cursed out the night shift and used profanities referring to them in a disparaging manner, and (e) would overload the night shift with unrealistic expectations and goals.

28. Lead painter for night shift, Miguel was responsible for shift supervision in the nights and reported this behavior to Gencor, but it continued.

29. Mr. Shipley became a full-time permanent at-will employee of Gencor on or before June 8, 2017.

30. Mr. Guilliame became a full-time permanent at-will employee of Gencor on or before June 8, 2017.

31. Mr. Crandle terminated both Mr. Shipley and Mr. Guilliame as well as other African American employees who were moved to the night shift after they reported Mr. Crandle for dressing up in a KKK outfit in an effort to intimidate and embarrass them.

32. Mr. Guilliame and Mr. Shipley's reporting of Mr. Crandle's discriminatory behavior in violation of Title VII was the direct and proximate cause for their termination.

WHEREFORE, Plaintiffs, JOHN P. SHIPLEY & JERMAINE J. GUILLIAME, hereby demand and pray this Court to grant the following relief against GENCOR INDUSTRIES, INC.:

(a) A declaratory judgment providing that the Defendant violated the Title VII;

(b) An award of compensatory damages to Plaintiff in an amount equal to his lost compensation, bonuses and benefits, occasioned by Defendants' misconduct;

(c) An award of general and punitive damages to Plaintiffs to compensate them for the mental and emotional distress occasioned by Defendant's misconduct;

(d) Reasonable attorneys' fees and court costs,

(e) Reinstatement or front pay in leu of Reinstatement,

(f) A trial by jury on all issues so triable; and

(g) Such other and further relief as the Court deems just and proper.

Respectfully submitted: this 15 day of August 2018,

        /s/ Frank M. Malatesta, Esq.
        FRANK M. MALATESTA, ESQ.
        Florida Bar No. 0097080
        Attorney for Plaintiffs
        Malatesta Law Office
        871 Venetia Bay Blvd., Suite 235
        Venice, FL 34285
        941.256.3812 PHONE
        888.501.3865 FAX
        frank@malatestalawoffice.com
        staff@malatestalawoffice.com

## Certificate of Service

I hereby certify the following has been served via electronic filing system this 15th day of August 2018 upon the following:

BRIAN J. MORAN
Florida Bar No.: 0827241
bmoran@morankidd.com
CHRISTOPHER R. PARKINSON
Florida Bar No. 112114
cparkinson@morankidd.com
Moran Kidd Lyons Johnson, P.A.
111 N. Orange Avenue, Suite 900
Orlando, FL 32801
(407) 841-4141 - Telephone
(407) 841-4148 - Facsimile
Counsel for the Defendant,
Gencor Industries, Inc.

    /s/Frank M. Malatesta, Esq.
    FRANK M. MALATESTA, ESQ.
    Attorney for Plaintiffs